IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| **KRISTIE SMITH** | **PLAINTIFF** |
| v. | CIVIL ACTION NO. 3:25-cv-794-CWR-LGI |
| **DISCOVERY COMMUNICATIONS, LLC** d/b/a OWN (OPRAH WINFREY NETWORK); **HARPO, INC.;** **KINGDOM REIGN ENTERTAINMENT, LLC;** **SALINA JOHNSON;** and **LATESHIA PEARSON** | **DEFENDANTS** |

**COMPLAINT AND JURY DEMAND**

COMES NOW Plaintiff, **Kristie Smith** ("Plaintiff"), by and through counsel, and files this Complaint against Defendants **Discovery Communications, LLC d/b/a OWN**, **Harpo, Inc.**, **Kingdom Reign Entertainment, LLC**, and individuals **Salina Johnson** and **Lateshia Pearson,** and states as follows:

**INTRODUCTION**

This action arises from Defendants' willful and unlawful misappropriation of Plaintiff's **trademark, persona, lived story, professional identity, and charitable brand**, including Plaintiff's distinctive tagline, **"Turning Pain Into Purpose."**

1. Plaintiff originated and first used the mark **on Mother's Day, May 14, 2023**, in commerce through her registered 501(c)(3) charitable organization, the **Omarion K. Walker Foundation**, created after the tragic loss of her son. Plaintiff's brand is widely known and tied directly to her identity, nonprofit work, and public mission.

2. Defendants — with full knowledge of Plaintiff and her work — intentionally appropriated her trademark and likeness to create and promote televised content for financial gain on the OWN television series, **Belle Collective**, including: (a) copying Plaintiff's charitable theme and tagline, (b) portraying a cast member as a **paralegal and bondsman**, which

Plaintiff has been for years, and (c) recreating Plaintiff's "turning pain into purpose" narrative for entertainment profit, without consent, credit, or compensation.

3. Defendants used Plaintiff's intellectual property and personal narrative to falsely suggest association, endorsement, sponsorship, and origin, in violation of the **Lanham Act**, **Mississippi common law**, and Plaintiff's **right to control her own identity and brand.**

## PARTIES

5. Plaintiff **Kristie Smith** is a resident of **Hinds County, Mississippi**.

6. Defendant **Discovery Communications, LLC d/b/a OWN** is a foreign business entity that owns and distributes the *Belle Collective* television series.

7. Defendant **Harpo, Inc.** is a foreign corporation involved in programming, branding, and commercial exploitation on the OWN network.

8. Defendant **Kingdom Reign Entertainment, LLC** is the production company responsible for producing the content at issue, including narrative, storylines, and character portrayals.

9. Defendants **Salina Johnson** and **Lateshia Pearson** are individuals who knowingly participated in the use and exploitation of Plaintiff's trademark and likeness for commercial gain.

## JURISDICTION AND VENUE

10. This Court has **federal question jurisdiction** pursuant to **28 U.S.C. § 1331** and **15 U.S.C. § 1121** (Lanham Act).

11. This Court has **supplemental jurisdiction** over the state-law claims under **28 U.S.C. § 1367.**

12. Venue is proper in this Court under **28 U.S.C. § 1391**, because a substantial portion of the acts giving rise to this action occurred in this District, and Defendants conduct business here.

## FACTS

13. Plaintiff founded the **Omarion K. Walker Foundation** on **May 14, 2023 (Mother's Day)** and began using the name and tagline **"Turning Pain Into Purpose"** in commerce immediately.

14. Plaintiff's nonprofit provides programs, outreach, community events, and charitable initiatives centered on grief, trauma support, violence prevention, and healing.

15. Plaintiff has continuously used the mark in commerce, in public events, in marketing, in social media, and in connection with nonprofit services.

16. Plaintiff's trademark search report, dated **October 17, 2025**, shows the mark is available and distinctive, and Plaintiff has priority through **first and continuous use.**

17. In **January 2025**, Plaintiff was contacted about a potential cast pitch for OWN's program *Belle Collective.*

18. Rather than hire, credit, or collaborate with Plaintiff, Defendants proceeded to incorporate Plaintiff's identity, persona, storyline, tagline, and brand elements into televised content.

19. The season includes a storyline featuring:

    (a) a character portrayed as both a **paralegal and bondsman** (Plaintiff's real profession for years), and (b) a foundation event centered on **"turning pain into purpose"** following the death of a loved one.

20. Defendants acted **knowingly, willfully, and for profit**, causing consumer confusion and diluting Plaintiff's identity and brand.

21. Plaintiff has suffered emotional harm, reputational harm, loss of control over her likeness, damage to her brand, and commercial injury.

**COUNT I – FALSE DESIGNATION OF ORIGIN (Lanham Act, 15 U.S.C. § 1125(a))**

*(Against Corporate Defendants Only)*

22. Plaintiff re-alleges Paragraphs 1–21 as if fully set forth herein.

23. Defendants' unauthorized use of Plaintiff's mark, identity, and brand in commerce constitutes a false designation of origin and unfair competition under **15 U.S.C. § 1125(a).**

24. Defendants' conduct was willful, intentional, and malicious, entitling Plaintiff to **injunctive relief, disgorgement of profits, damages, attorney fees, and costs.**

**COUNT II – COMMON-LAW TRADEMARK INFRINGEMENT**

*(Against Corporate Defendants)*

25. Plaintiff re-alleges Paragraphs 1–24.

26. Plaintiff owns priority rights in her mark through continuous and first use in commerce.

27. Defendants' unauthorized use of Plaintiff's mark constitutes common-law infringement under Mississippi law.

**COUNT III – MISAPPROPRIATION OF LIKENESS / RIGHT OF PUBLICITY**

*(Against All Defendants)*

28. Plaintiff re-alleges prior Paragraphs.

29. Defendants used Plaintiff's persona, story, identity, and brand for commercial benefit without consent.

**COUNT IV – UNJUST ENRICHMENT**

*(Against All Defendants)*

30. Defendants profited from Plaintiff's identity and trademark without compensation to her.

**COUNT V – CIVIL CONSPIRACY**

*(Against All Defendants)*

31. Defendants acted in concert to misappropriate, exploit, publish, and profit from Plaintiff's identity and trademark.

**COUNT VI – PUNITIVE DAMAGES**

*(Against All Defendants)*

32. Defendants acted willfully, wantonly, and with reckless disregard for Plaintiff's rights, warranting punitive damages.

## COUNT VII – INJUNCTIVE RELIEF

*(Against All Defendants)*

33. Plaintiff seeks an injunction prohibiting Defendants from further use of her mark, brand, or likeness.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

A. Preliminary and permanent injunction;
B. Compensatory damages;
C. Punitive damages;
D. Disgorgement of Defendants' profits;
E. Attorney fees and costs;
F. Statutory remedies available under the Lanham Act;
G. Pre- and post-judgment interest; and
H. Such further relief as the Court deems just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## RESPECTFULLY SUBMITTED

/s/ **Ali M. ShamsidDeen**
**Ali M. ShamsidDeen, Esq. (MSB #101013)**
The AMS Law, PLLC
1010 N. West Street
Jackson, Mississippi 39202
Tel: (601) 202-6027
Email: amshamsiddeen@theamslaw.com
**Attorney for Plaintiff**